# Court of Appeals
# of the State of Georgia

ATLANTA, July 15, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0603. REGINA HAMMON v. TAH OPERATIONS, TAH GEORGIA, LLC.

In this dispossessory case, Regina Hammon filed this application for discretionary appeal seeking review of a judgment from the Magistrate Court of Gwinnett County. We lack jurisdiction.

First, the copy of the magistrate court order Hammon submitted to this Court is not stamped "filed," meaning we have no way of knowing whether or when the magistrate order was entered. See *State v. White*, 282 Ga. 859, 860(1) (655 SE2d 575) (2008) ("Even though an order may be signed, it is not considered to have been entered and, thus, does not become effective until it is filed with the clerk."). On June 22, 2026, this Court issued an order directing Hammon to supplement her application with a stamped "filed" copy of the magistrate order and warned Hammon that failure to file such a copy of the magistrate order within 10 days of the date of this Court's order would result in the application's dismissal. Hammon failed to comply with this Court's order, which requires that her application be dismissed. See Court of Appeals Rule 31(c) (requiring the filing of a stamped filed copy of the order sought to be appealed).

Moreover, ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023) (punctuation omitted). "Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or

superior court." *Harris v. Reserve at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025). Where a timely application for discretionary appeal represents an attempt to appeal a magistrate order, this Court will occasionally transfer that application to the magistrate court with direction to send the appeal to state or superior court. See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. In this case, however, we cannot determine whether or when the magistrate court order at issue was entered, and therefore we decline to transfer the application.

For the above reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,___07/15/2026_____*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*